**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Larry GAVIN, Defendant–Appellant.**

No. 07–1865.

United States Court of Appeals,
Sixth Circuit.

Aug. 5, 2008.

Before: SUTTON and COOK, Circuit Judges; and ROSE, District Judge.*

PER CURIAM.

Defendant–Appellant Larry Gavin appeals the district court's denial of his motion to suppress. Gavin sought to suppress evidence obtained by a Detroit Police Officer during a search of Gavin's person. Gavin also seeks, for the first time on appeal, a determination that the search turned into an illegal arrest.

The district court, in a thorough and thoughtful opinion with which we agree, denied Gavin's motion to suppress because the detention of Gavin was a lawful *Terry* stop. *See United States v. Gavin,* No. 2:06–cr–20471–RHC–RSW, 2006 WL 3511144 (E.D.Mich. Dec. 6, 2006). We adopt the district court's Opinion as the opinion of this panel.

Further, because Gavin's illegal-arrest claim was raised for the first time on appeal, this panel does not consider it. *See United States v. Critton,* 43 F.3d 1089, 1093 (6th Cir.1995), *cert. denied,* 514 U.S. 1121, 115 S.Ct. 1987, 131 L.Ed.2d 873 (1995). However, if the claim were to be considered under plain-error review, this panel would find that the search of Gavin was not a plainly illegal arrest. Merely requiring Gavin to place his hands on a vehicle upon arrival of a police officer so that he could be searched for weapons is not an arrest, particularly when the detention of Gavin was a lawful *Terry* stop, particularly when this action occurred immediately upon arrival of the police officer and particularly when Gavin voluntarily placed his hands on the vehicle and told

* The Honorable Thomas M. Rose, United States District Judge for the Southern District of Ohio, sitting by designation.

the Detroit Police Officer that he had a weapon in his waistband.

We thus affirm.